UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RENDELL ROBINSON,

                                Plaintiff,

   -v-                                           9:18-CV-1232
                                                    (DNH/ML)

JOHN SLAVEN, Correctional Sergeant,
Coxsackie Correctional Facility, formerly known
as Shaven; MICHAEL MUSSEN, JR.,
Correction Officer, Clinton Correctional Facility,
formerly known as M. Muggen; and DAVID
GUMLAW, Correctional Officer, Clinton
Correctional Facility, formerly known as D.
Gumlaw,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

RENDELL ROBINSON
Plaintiff pro se
Project Renewal Fort Washington Men's Shelter
651 W. 168th Street
New York, NY 10032

HON. LETITIA JAMES                         KONSTANDINOS D. LERIS, ESQ.
Attorney General for the State of New York    Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

Pro se plaintiff Rendell Robinson brought this civil rights action pursuant to 42 U.S.C. § 1983. On April 16, 2019, the Honorable David E. Peebles, United States Magistrate Judge, advised by Report and Recommendation that defendants' unopposed motion to dismiss based on statute of limitations grounds be granted and that the complaint be dismissed in its entirety. Plaintiff filed untimely objections to the Report and Recommendation. In light of plaintiff's pro se status and his multiple moves during the pendency of this litigation, his objections, though untimely, will be considered.

The "applicable statute of limitations for [section] 1983 actions arising in New York requires claims to be brought within three years." Pinaud v. Cty. of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995). Magistrate Judge Peebles correctly found that plaintiff's cause of action accrued on April 9, 2015, the date of the incident forming the basis of his excessive force claim, and thus the three year statute of limitations expired on April 9, 2018.

Plaintiff did not commence this action until October 7, 2018, 182 days after the statute of limitations expired. As prisoners are entitled to equitable tolling while exhausting administrative remedies, Magistrate Judge Peebles went on to calculate the length of the exhaustion period, that is, the period of time between when plaintiff initiated his administrative claims and when he exhausted those claims, and thus how long the statute of limitations could be tolled for.

It is undisputed that on October 21, 2015, DOCCS Central Office Review Committee ("CORC") upheld the superintendent's determination. Magistrate Judge Peebles thus calculated the period of time from when plaintiff filed an administrative grievance pursuant to the DOCCS Inmate Grievance Program on April 28, 2015, to when CORC issued

its final decision on October 21, 2015. Accordingly, he found the statute of limitations was equitably tolled for 177 days, five days short of the 182 days required to be timely. In his Report and Recommendation, Magistrate Judge Peebles noted that "[a]lthough there is no evidence with respect to when plaintiff received that determination, in the complaint, plaintiff agrees that October 21, 2015, the date upon which the CORC issued its decision, represents the end of the equitable tolling period." Order, Report, and Recommendation 15.

He noted that in the undersigned's initial review of this matter, the statute of limitations issue was flagged but the decision was made to nevertheless let the complaint proceed through initial review given plaintiff's pro se status. Decision and Order, December 3, 2018, ECF No. 4. However, given the benefit of defendants' present briefing on this issue in their current *unopposed*[1] motion to dismiss, Magistrate Judge Peebles understandably recommended that plaintiff's complaint be dismissed as untimely.

Plaintiff, for what appears to be the first time, noted in his objections that while October 21, 2015 was the date CORC rendered its decision, it was *not* the date that he "became in receipt of C.O.R.C.'s decision or made aware that C.O.R.C. made a decision." Pl.'s Obj.,[2] ECF No. 31, 13 ¶ 13. He asserts that he "did not receive a copy of C.O.R.C.'s October 21, 2015 decision until approximately seven (7) to fourteen (14) days after October 21, 2015." Id. ¶ 14. Plaintiff argues this is so due to the following facts:

> DOCCS C.O.R.C. does not send their decisions regarding Inmate Grievance Complaints directly to the inmate. They send the decision to

---

[1] Plaintiff specifically advised the Court on two occasions that he would not be filing a response to defendants' motion to dismiss. ECF Nos. 12, 13.

[2] It is noted that plaintiff's handwritten papers are difficult to read, and some sections are illegible. Every attempt has been made to read plaintiff's submissions and accurately relay those portions contained in this Decision and Order.

> the Inmate Grievance Program supervisor at the Correctional Facility
> where the inmate grievance was filed then the [Inmate Grievance
> Program supervisor] sends/forwards the C.O.R.C. decision to the inmate
> via legal mail where the inmate has to sign for it.

Id. ¶ 15.

Plaintiff explains that "[i]nmates sign for receiving all C.O.R.C. decisions in facility legal mail log book. Date & signature just like an inmate does not send his superintendent's appeal directly to C.O.R.C." Id. Due to this practice, "he became in receipt of DOCCS C.O.R.C. decision which as explained was not October 21, 2015." Id. ¶ 16. Instead, "[i]t was between 7 and 14 days after the October 21, 2015 C.O.R.C. decision that which plaintiff received notice that his grievance was heard by DOCCS C.O.R.C." Id. ¶ 17.

To reiterate, plaintiff contends that he did not receive the CORC decision until at the earliest October 28, 2015 (seven days after October 21, 2015) or at the latest November 4, 2015 (fourteen days after October 21, 2015). Thus, affording plaintiff special solicitude, the statute of limitations was tolled for at least 184 days (177 days tolled until October 21, 2015 as calculated by Magistrate Judge Peebles plus another seven days until October 28, 2015) while plaintiff exhausted his administrative remedies. As plaintiff needed equitable tolling of at least 182 days for his complaint to be timely, these few extra days carry him over the threshold.

In sum, at this early procedural juncture, and in deference to plaintiff's status as a pro se litigant, the undersigned is not prepared to dismiss plaintiff's complaint on the timeliness ground raised in defendants' motion. Instead, the statute of limitations argument should be deferred for later consideration on a motion for summary judgment. Accordingly,

that part of the Report and Recommendation recommending dismissal of plaintiff's complaint as untimely will be rejected and defendants' motion on this ground will be denied.

As Magistrate Judge Peebles recommended dismissal on the statute of limitations ground, he appropriately declined to address defendants' alternative argument in their motion to dismiss with respect to defendant Slaven. In light of now finding that a dismissal based on untimeliness would be premature, this matter will be referred for consideration of defendants' alternative argument with respect to defendant Slaven.[3]

Accordingly, based upon a de novo review of the portions of the Report-Recommendation to which plaintiff objected, the Report-Recommendation is rejected in all respects. See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

1. Defendants' motion to dismiss based on the statute of limitations is DENIED without prejudice to renew; and

2. This matter is referred to United States Magistrate Judge Miroslav Lovric for consideration of defendants' alternative argument in their motion to dismiss with respect to defendant Slaven.

IT IS SO ORDERED.

---

[3] Since the issuance of the Order, Report, and Recommendation, this case has been reassigned to United States Magistrate Judge Miroslav Lovric for all further proceedings.

_____
United States District Judge

Dated: August 19, 2019
      Utica, New York.