UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RENDELL ROBINSON,

                      Plaintiff,

v.

JOHN SLAVEN, Correctional Sergeant,         9:18-CV-1232
Coxsackie Correctional Facility, formerly       (DNH/ML)
known as Shaven; MICHAEL MUSSEN,
JR., Correction Officer, Clinton
Correctional Facility, formerly known as
M. Muggen; and DAVID GUMLAW,
Correctional Officer, Clinton Correctional
Facility, formerly known as D. Gumlaw,

                      Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

RENDELL ROBINSON
  *Pro Se* Plaintiff
16-00 Hazen Street
East Elmhurst, New York 11370

LETITIA A. JAMES                       KONSTANDINOS D. LERIS, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

MIROSLAV LOVRIC, United States Magistrate Judge

## REPORT and RECOMMENDATION

      Currently before the Court, in this civil rights action filed by Rendell Robinson

("Plaintiff") against John Slaven, Correctional Sergeant, Coxsackie Correctional Facility,

Michael Mussen, Jr., Correction Officer, Clinton County Correctional Facility, and David

Gumlaw, Correctional Officer, Clinton County Correctional Facility ("Defendants"), is Defendants' motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 10.) For the reasons set forth below, I recommend that the portion of Defendants' motion currently before me, be denied.

I.    **RELEVANT BACKGROUND**

   A.    **Procedural History**

On October 17, 2018, Plaintiff commenced this action by filing a Complaint against D. Gumlaw, M. Muggen, and Shaven (Dkt. No. 1) together with a motion for leave to proceed *in forma pauperis* (Dkt. No. 2). On December 3, 2018, the Court granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 4.) In addition, the Court ordered that Plaintiff's Eighth Amendment excessive force and failure to intervene claims survive *sua sponte* review, but the Court dismissed the following seven claims: (1) due process claim pursuant to the Fourteenth Amendment, (2) equal protection claim pursuant to the Fourteenth Amendment, (3) conspiracy claim pursuant to the Fourteenth Amendment, (4) negligent infliction of emotional distress pursuant to New York common law, (5) assault pursuant to New York common law, (6) battery pursuant to New York common law, and (7) intentional infliction of emotional distress pursuant to New York common law. (*Id.*)

On February 4, 2019, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 10.) This motion was referred to United Stated Magistrate Judge David E. Peebles for a Report and Recommendation. On March 25, 2019, Magistrate Judge Peebles issued a Report and Recommendation, which recommended that (1) the Complaint be dismissed based on Plaintiff's failure to prosecute and to comply with the Court's orders and local rules of practice, and (2) that Defendants' motion to dismiss be denied as moot. (Dkt. No. 21.) On

March 26, 2019, Plaintiff filed a change of address with the Court. (Dkt. No. 22.) As a result, on March 26, 2019, United States District Judge David N. Hurd terminated the pending Report and Recommendation and directed United States Magistrate Judge David E. Peebles to issue a Report and Recommendation on the motion to dismiss. (Dkt. No. 23.)

On April 16, 2019, United States Magistrate Judge David E. Peebles issued a Report and Recommendation recommending that the Complaint be dismissed in its entirety based on the statute of limitations. (Dkt. No. 26.) On June 3, 2019, Plaintiff filed objections to United States Magistrate Judge Peebles' Report and Recommendation and asserted—for the first time—that the statute of limitations should have been tolled an additional, at least, seven days. (Dkt. No. 31.) As a result of Plaintiff's new assertions, on August 19, 2019, United States District Judge David N. Hurt, rejected the report and recommendation and referred to me, Defendants' motion to dismiss for consideration of their alternative argument regarding Plaintiff's excessive force claim against Defendant Slaven. (Dkt. No. 35.)

On August 19, 2019, the Court *sua sponte* issued a text order granting the parties permission to file any additional or supplemental briefings no later than September 30, 2019, regarding Defendants' alternative argument seeking dismissal of the excessive force claim against Defendant Slaven. (Dkt. No. 36.)

On October 22, 2019,[1] Plaintiff filed opposition to Defendants' motion and simultaneously filed a letter motion requesting an extension of time to respond to the motion to dismiss. (Dkt. No. 40; Dkt. No. 41.)

---

[1] The Court notes that Plaintiff's opposition and letter motion are dated October 8, 2019. (Dkt. No. 40; Dkt. No. 41.) Even assuming, that the prison mailbox rule applied to opposition deadlines and that Plaintiff conveyed his opposition to prison officials on October 8, 2019—which he admits that he did not (Dkt. No. 41, Attach. 2)—Plaintiff's filings were still eight days late. *See Fabrizio v. Annucci*, 18-CV-0339, 2019 WL 3351643, at *7 (N.D.N.Y. June 27, 2019)

3

### B. Plaintiff's Claims

The Court summarized Plaintiff's Claims in Part I of its Order, Report, and Recommendation dated April 16, 2019. (Dkt. No. 26 at 3-4.)

### C. Parties' Briefing on Defendants' Motion to Dismiss Regarding Defendant Slaven

#### 1. Defendants' Memorandum of Law-in-Chief

Generally, in support of their motion to dismiss, Defendants argue that the Complaint does not state a claim of excessive force against Defendant Slaven. (*See generally* Dkt. No. 10, Attach. 1 [Defs.' Mem. of Law].) More specifically, Defendants argue that the Complaint is devoid of any allegations that Defendant Slaven used force against Plaintiff and, in fact, acknowledges that Defendant Slaven walked away from Plaintiff before he was allegedly assaulted by the other officers. (*Id.*)

#### 2. Defendants' Supplemental Letter Brief

Generally in their supplemental letter brief, Defendants re-assert the argument set forth in their memorandum of law and assert that (1) Plaintiff advised the Court that he did not intend to oppose the motion to dismiss (Dkt. No. 13 at 3), and (2) in his objection letter, Plaintiff stated that his claim against Defendant Slaven is for failure to intervene (Dkt. No. 31, Attach. 1 at 5). (Dkt. No. 38.)

#### 3. Plaintiff's Opposition

Generally in his opposition to Defendants' motion, Plaintiff alleges that Defendant Slaven said, "I'm going to have a cup of coffee and I don't care of these officers 'kill you,'" then "instructed the officers to kill" him by saying "kill him, kill him (2 times)," and began to walk

---

(Peebles, M.J.) However, given the special solicitude granted to *pro se* litigants, the Court considered Plaintiff's opposition.

4

away down the back hallway.  (*Id.* at 12-13.)  Plaintiff asserts that Defendant Slaven is "liable for the [f]ailure to [i]ntervene [a]nd [p]rotect Plaintiff [f]rom [h]arm."  (Dkt. No. 41, Attach. 1 at 1.)  Furthermore, Plaintiff argues that Defendant Slaven should be liable as a supervisor because he instructed the other officers to "kill" and "[c]ause [p]hysical [h]arm to" him (*id.* at 6), which "thus created a policy or custom underwhich [sic] [the] unconstitutional practice occurred . . . and was grossly negligent in managing subordinates who cause the unlawful event of use of excessive force and failure to intervene on April 9th 2015."  (*Id*. at 9-10.)

## II.    LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn.15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) [emphasis added].  In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal."  *Jackson*, 549 F.

5

Supp. 2d at 212, n.20 (citing Supreme Court case).  On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."  *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).[2]

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court.  *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).  For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits."  2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003).  For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard.  *Rusyniak,* 629 F. Supp. 2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

---

[2]  *Accord, Flores v. Graphtex*, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (Munson, J.); *Hudson v. Artuz*, 95-CV-4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998); *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (McAvoy, C.J.).

to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement"

7

will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

However, "in a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (Sharpe, M.J.) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). As a result, *Twombly* and *Iqbal* notwithstanding, the court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 139, 146 (2d Cir. 2002).

### III.     ANALYSIS

After carefully considering the matter, I recommend denying Defendants' motion to dismiss Plaintiff's excessive force claim pursuant to the Eighth Amendment against Defendant Slaven.

Local government officials sued in their official capacities are "persons" for purposes of civil rights actions. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 690-91 (1978). To establish liability pursuant to 42 U.S.C. § 1983, a plaintiff must show the defendant was personally involved in the alleged constitutional violation. *Richardson v. Goord,* 347 F.3d 431, 435 (2d Cir. 2003). A mere linkage in the chain of command, however, is insufficient to implicate a government official in a § 1983 claim. *Richardson,* 347 F.3d at 435.

To establish supervisor liability under § 1983, the plaintiff must show at least one of the following:

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Id.* (quoting *Hernandez v. Keane,* 341 F.3d 137, 145 (2d Cir.2003)). The plaintiff must demonstrate "an affirmative causal link between the supervisor's inaction and [his] injury." *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002). "Just as prison officials may be liable for their deliberate indifference to protecting inmates from violence at the hands of their fellow inmates, they may also be liable for their deliberate indifference to violence by subordinates." *Blyden v. Mancusi*, 186 F.3d 252, 265 (2d Cir. 1999) (internal citations omitted) (collecting cases).

"In this Circuit, a 'direct participant' includes a person who authorizes, orders, or helps others to do the unlawful acts, even if he or she does not commit the acts personally." *Terebesi v. Torreso*, 764 F.3d 217, 234 (2d Cir 2014) (citing *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001). The Second Circuit has "equated gross negligence with recklessness, and have defined it as the 'kind of conduct . . . where [the] defendant has reason to know of facts creating a high degree of risk of physical harm to another and deliberately acts or fails to act in conscious disregard or indifference to that risk.'" *Poe*, 282 F.3d at 140 & n.14 (quoting *Bryant v. Maffucci*, 923 F.2d 979, 985 (2d Cir. 1991)).

Here, Plaintiff alleges that Defendant "Slaven then said to me quote: I'm going to have a cup of coffee and I don't care if these officers 'kill you.' He then instructed the officers to kill me by saying kill him, kill him (2 times) to the correction officers. Sergeant Slaven then began to walk away down the back hallway of the R.M.U. too (sic) the direction he came from. At this

time Correction Officer Michael Muggen Jr./defendant/stood over me and started pointing his finger in my face," which began the physical altercation at issue. (Dkt. No. 41 at 12-13; *accord* Dkt. No. 1 at 10.)[3]

Construing the Complaint broadly, and interpreting it to raise the strongest arguments that it suggests, Plaintiff's allegations sufficiently support a claim of excessive force against Defendant Slaven pursuant to supervisory liability. *See Terebesi*, 764 F.3d at 234-35 ("A defendant who plans or directs an unreasonable use of force is liable for the resulting unconstitutional violation as a 'direct participa[nt],'" therefore supervisors who planned the use of excessive force are liable as direct participants just as the officers who exerted the excessive force); *Gronowski v. Spencer*, 424 F.3d 285, 293-94 (2d Cir. 2005) (addressing a city mayor's role in allegedly unconstitutional retaliation against the plaintiff, a former city employee).

As a result, I recommend that Defendants' motion to dismiss the excessive force claim against Defendant Slaven be denied.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendants' motion to dismiss the excessive force claim against Defendant Slaven (Dkt. No. 10) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984

---

[3] A "*pro se* litigant is generally permitted to effectively amend the allegations of this complaint through the assertion of new allegations in his opposition to a motion to dismiss for failure to state a claim (to the extent those new allegations are consistent with the allegations of his complaint)." *Snyder v. Town of Potsdam*, 16-CV-1462, 2018 WL 6267922, at *19 & n.52 (N.D.N.Y. Nov. 30, 2018) (citing *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987)).

F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

      It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[4]

Dated: November 12, 2019
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[4]     The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).